[Cite as *In re A.R.*, 2013-Ohio-1413.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

A.R.,

A DEPENDENT CHILD

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 12-COA-039

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland County Court of Common Pleas, Juvenile Court, Case No. 20123003 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 5, 2013 |

APPEARANCES:

For Appellee - Ashland County
Department of Jobs and Family
Services

For Appellant - Father

JOSHUA A. NEWTON
Staff Attorney, Children Services
Ashland County DJFS
15 W. Fourth St.
Ashland, Ohio 44805

DEBORAH E. WOODWARD
10 E. Main Street
Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1} Appellant Kenneth Bister ("Father") appeals the September 27, 2012 Opinion and Judgment Entry entered by the Ashland County Court of Common Pleas, Juvenile Division, which denied his motion for legal custody of his minor daughter, and granted temporary custody of the child to Appellee Ashland County Department of Jobs and Family Services ("the Agency").

STATEMENT OF THE FACTS AND CASE

{¶2} Father and Sarah Reynolds are the biological parents of A.R. (DOB 8/11/09). A.R. was removed from Reynolds' home on February 29, 2012. On March 1, 2012, the Agency filed a complaint alleging A.R. was a dependent child. Father filed a motion for sole custody on March 12, 2012.

{¶3} The trial court conducted an adjudicatory hearing on May 4, 2012. Reynolds entered a plea of admission to a finding of dependency. Father was not required to enter a plea as he did not have custody of A.R. at the time of the filing of the action. The trial court conducted a dispositional hearing and a hearing on Father's motion for sole custody on June 18, 2012. Via Opinion and Judgment Entry filed September 27, 2012, the trial court ordered A.R. be placed in the temporary custody of the Agency. The trial court found it was not in the best interest of A.R. to be placed in the legal custody of Father, either with or without protective supervision orders.

{¶4} It is from this judgment entry Father appeals, raising the following assignment of error:

{¶5} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING FATHER-APPELLANT'S MOTION FOR LEGAL CUSTODY AND GRANTING AN

AWARD OF TEMPORARY LEGAL CUSTODY OF THE CHILD TO THE ASHLAND COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES.

{¶6} "II. THE TRIAL COURT'S DECISION DENYING FATHER-APPELLANT'S MOTION FOR LEGAL CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE CONCERNING THE BEST INTERESTS OF THE CHILD."

I

{¶7} In his first assignment of error, Father contends the trial court abused its discretion in denying his motion for legal custody and in granting temporary legal custody of A.R. to the Agency.

{¶8} It is important to note this case involves a grant of temporary legal custody, not one of permanent custody. Legal custody does not divest parents of residual parental rights, privileges, and responsibilities. *In re C.R.,* 108 Ohio St.3d 369, 2006–Ohio–1191, 843 N.E.2d 1188, at ¶ 17. This means Father may petition the court for a modification of custody in the future. *Id.*

{¶9} In this type of dispositional hearing, the focus must be the best interest of the child. *In re C.R.,* 108 Ohio St .3d 369, 2006–Ohio–1191, 843 N.E.2d 1188; *In re Nawrocki,* 5th Dist. No.2004–CA–0028, 2004–Ohio–4208.

{¶10} R.C. 2151.414(D) provides factors to be considered in making a best-interest-of-the-child determination:

> In determining the best interest of a child at a hearing held pursuant
>
> to division (A) of this section or for the purposes of division (A)(4) or (5) of
>
> section 2151.353 or division (C) of section 2151.415 of the Revised Code,

the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

{¶11} A trial court's determination on legal custody should not be overruled absent a showing of an abuse of discretion. *Stull v. Richland Cty. Children Services,* 5th Dist. Nos. 11 CA47, 11 CA48, 2012–Ohio–738. An abuse of discretion is when the trial court's judgment is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12} The trial court in the instant action heard evidence Father resided with his grandmother, Patricia Lawhorn, who provided care for and assistance to Father. The home was described as safe and appropriate. Father had been diagnosed with agoraphobia as well as a seizure related condition. A.R. visited Father at Lawhorn's home on a routine schedule of three unsupervised overnights each week. During these visits, Lawhorn and Father shared the care of A.R. Father testified his medical conditions did not adversely affect his ability to care for A.R., and although he and Lawhorn shared the care of the child during visits, Father was able to independently provide for A.R. The Agency caseworker questioned Father's ability to properly care for A.R. without Lawhorn's assistance. The caseworker opined, based upon her observations, Lawhorn was the primary caretaker of A.R. when A.R. was at Lawhorn's home.

{¶13} We find the trial court did not abuse its discretion in denying Father's motion for legal custody of A.R., and granting temporary custody of the child to the Agency. The trial court weighed the competing arguments in light of A.R.'s best interest, and determined custody with the Agency was in A.R.'s best interest.

{¶14} Father's first assignment of error is overruled.

II

{¶15} In his second assignment of error, Father challenges, as against the manifest weight of the evidence, the trial court's decision to deny his motion for legal custody.

{¶16} Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed as being against the manifest weight

of the evidence. *In re Pieper Children*, 85 Ohio App.3d 318, 327, 619 N.E.2d 1059 (1993). When reviewing a trial court's decision on a manifest weight of the evidence basis, an appellate court is guided by the presumption that the findings of the trial court were correct; reversing a judgment on manifest weight grounds should only be done in exceptional circumstances, when the evidence weighs heavily against the judgment. *In re G.S.,* Franklin App. No. 05AP–1321, 2006–Ohio–2530, ¶ 4.

{¶17} "Every reasonable presumption must be made in favor of the judgment and the findings of facts [of the juvenile court]." *Karches v. Cincinnati*, 38 Ohio St.3d 12, 19, 526 N.E.2d 1350 (1988). Moreover, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the [juvenile] court's verdict and judgment." *Id.* Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.

{¶18} The trial court heard evidence Father resided with his grandmother who provided for and assisted him as well as the child. Father suffers from a severe anxiety disorder and a seizure-related condition. Father had never lived on his own. The Agency had concerns regarding his ability to independently care for and support A.R.

{¶19} After a thorough review of the record, we cannot conclude the trial court, as the trier of fact, clearly lost its way and created a manifest miscarriage of justice when it denied Father's motions for legal custody of A.R. Consequently, we find the trial court's decision was not against the manifest weight of the evidence.

**{¶20}** Father's second assignment of error is overruled.

**{¶21}** The judgment of the Ashland County Court of Common Pleas, Juvenile Division, is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur                              s/ William B. Hoffman_____
                                                HON. WILLIAM B. HOFFMAN


                                                s/ John W. Wise_____
                                                HON. JOHN W. WISE


                                                s/ Craig R. Baldwin_____
                                                HON. CRAIG R. BALDWIN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:             :
                              :
A.R.,                      :
                              :
A DEPENDENT CHILD      :
                              :         JUDGMENT ENTRY
                              :
                              :
                              :         Case No. 12-COA-039

For the reasons stated in our accompanying Opinion, the judgment of the Ashland County Court of Common Pleas, Juvenile Division, is affirmed.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise _____
HON. JOHN W. WISE


s/ Criag R. Baldwin_____
HON. CRAIG R. BALDWIN